IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUREEN NOLAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>PORTER MCGUIRE KIAKONA, LLP; ASSOCIATION OF APARTMENT OWNERS OF THE PACIFIC ISLANDER,<br><br>    Defendants. | Civil No. 23-CV-00271-DKW-WRP<br><br>MEMORANDUM IN SUPPORT OF MOTION |

# **TABLE OF CONTENTS**

I. FACTUAL BACKGROUND..............................................................................1

II. LEGAL STANDARD TO COMPEL ADMISSIONS......................................1

III. GOOD CAUSE EXISTS TO COMPEL ADMISSIONS................................7

IV. CONCLUSION...................................................................................................14

# **TABLE OF AUTHORITIES**

**CASES**

*Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)……………2

*Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011)……………………..….……..13

*House v. Giant of Maryland LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005)…………14

*Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994)………..…….….2

*New Mexico ex rel Balderas v. Real Estate Law Center PC*, 405 F.Supp.3d 1233, 1249-53 (D. New Mexico 2019)………………….………………………….12, 13

*Olmos v. Ryan*, 2020 WL 1904631(D.AZ 2020)…….……..……..………..……12

*Springer v. General Atomics Aeronautical System Inc.,* 2018 WL 490745 (S.D. CA 2018)………...…………………………………………….………………….2, 13

*Stark-Romero v. Nat'l R.R. Passenger Co.,* 805 F. Supp. 2d 1145 (D.N.M. 2011)..13

*Warta v. Porter, McGuire, & Kiakona, LLP*, 622 F. Supp. 3d 971, 984 (D. Haw. 2022)...…………….……………….……….……………….……………...…….3

**STATUTES**

15 U.S.C. § 1692a(6)…………………………………………………………….3

**RULES**

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 1……………………….1

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 26……………….....…1

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 26(b)(1)……………….2

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 36…………………..1,13

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 36 (a)……………….2,13

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 36 (a)(1)………….....2

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 36 (a)(1)(A)……..……13

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 36(a)(4)……………..2,3

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 37……………......……1

i

## MEMORANDUM IN SUPPORT OF MOTION

Plaintiff MAUREEN NOLAN ("Nolan") by and through her undersigned counsel hereby moves this court for an order compelling the Defendant Porter McGuire Kiakona, LLP ("PMK") to file substantive responses to the Plaintiff's Request for Admissions and Certificate of Service [Dkt. No. 30] filed with this Court on March 7, 2024, and for attorneys' fees and costs in bringing this motion before the court and for sanctions. Good cause exists to grant this motion and for an Order compelling Defendant's response as to the reasons below.

### I.  FACTUAL BACKGROUND

Plaintiff MAUREEN NOLAN ("Nolan") propounded 30 requests for admissions ("RFA") to PMK on March 7, 2024 [Doc No. 30]. PMK admitted just one of the requests for admission, RFA No. 30, stating that PMK was the same entity and law firm as Defendant PMK. [Exhibit 2]. PMK dodged and avoided the remaining 29 RFAs. In so doing, PMK violated both the letter and spirit of Federal Rule of Civil Procedure ("F.R.C.P.") Rules 26, 36, and 37 thereby thoroughly frustrating the purpose of these rules. PMK's obfuscation also was in violation of F.R.C.P Rule 1 which requires that lawsuits be done in an inexpensive and expeditious fashion.

### II.  LEGAL STANDARD TO COMPEL ADMISSIONS

PMK failed to comply with the requirements of Fed. R. Civ. P Rule 36(a) by

refusing to adequately respond to the Plaintiff's Request for Admissions and has acted in such a way as to increase the time and expense of this lawsuit.

Requests for admissions are different from other forms of discovery, rather than seeking to uncover information they seek to eliminate the need for proof; similar to pleading in that they are aimed primarily at setting at rest a triable issue so it will not have to be tried. PMK's responses are no more than an attempt to avoid narrowing the issues for trial and to drag out proceedings.

In *Springer v. General Atomics Aeronautical System Inc.*, 2018 WL 490745 (S.D. CA 2018) the court at P.3 stated:

> Under Federal Rule of Civil Procedure 36(a), "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(l) relating to: **(A) facts, the application of law to fact, or opinions about either; ....**" Fed.R.Civ.P. 36(a)(l). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). "[T]o aid the quest for relevant information parties should not seek to evade disclosure by quibbling and objection. They should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994).
>
> Rule 36(a)(4) provides as follows: "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made

reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed.R.Civ.P. 36(a)(4). [Emphasis Added].

The primary examples of PMK's deliberate failure to answer the RFA in good faith are:

In response to Request for Admission No. 2, which stated "Defendant PMK regularly collected debts owed to another in 2022," you claimed that PMK was "unable to admit or deny, and, on that basis, DENIES the request." The language of this request tracks almost verbatim the FDCPA's definition of a "debt collector". 15 U.S.C. § 1692a(6). Moreover, based on this definition, *this Court* has held that PMK was a debt collector under analogous facts to those of this case. *Warta v. Porter, McGuire, & Kiakona, LLP*, 622 F. Supp. 3d 971, 984 (D. Haw. 2022);

Request for Admission No. 3 states: "Defendant PMK performs debt collection in the course of the legal services it offers to its clients, such as in commercial litigation, enforcement of association rules and covenants, addressing delinquencies in association assessments, and litigation related to the foregoing." This is almost a verbatim recitation of Judge Kobayashi's finding in *Warta v. Porter, McGuire, & Kiakona, LLP*, 622 F. Supp. 3d 971, 984 (D. Haw. 2022), which was based specifically on Kapono Kiakona's deposition (a deposition which, as discussed below, has now been again conducted due to PMK's bad faith in this case).

3

In his deposition Kapono Kiakona testified (Kiakona Transcript at P. 30 lines 20-25, Exhibit 5) that PMK does debt collection, stating:

The DEPONENT: *I think I already testified that I've state that these are—we do collect debts and letters go out regularly, whether we can quibble about phrasing or legal implications of the words, I've testified to essentially the overall statements.*

In response to Request for Admission No. 4 which stated, "On August 19, 2022, Defendant PMK represented the Association of Apartment Owners of Mokuleia Sands," PMK claimed it was "<u>unable to admit or deny the statements in the request</u>" and therefore, denied the request. Its sole admission was that PMK filed the Answer in this federal lawsuit and admitted Paragraph 73 of Ms. Nolan's federal complaint. Paragraph 73 does not address the question as it states: "At some point in 2020 or before, PMK began representing the AOAO at Mokuleia Sands." *Dkt.* 1 ¶ 73. Yet, the Request addresses August 19, 2022 – the date the offending Counterclaim was filed.

In response to Requests for Admission Nos. 5 through 7 and 9, PMK admitted only to filing the Counterclaim without addressing Request 5 (whether PMK at any time attempted to collect the debt on behalf of the AOAO), Request 6 (whether the debt Ms. Nolan allegedly owed the AOAO was in default on August 19, 2022), Request 7 (whether the Counterclaim was filed in furtherance of PMK's previous

4

attempts to collect the debt), and Request 9 (whether Ms. Nolan was even allegedly obligated to pay a debt to the AOAO as of August 19, 2022);

PMK simply denied Request for Admission No. 10 without stating that it did not have information necessary to admit or deny the fact that Ms. Nolan was a consumer and/or offering even a modicum of information as to how it could possibly deny that fact. Yet, as to Request for Admission No. 11, PMK claimed to be without sufficient information to admit or deny that Ms. Nolan was the owner of the Unit during the times relevant to [PMK's own] Counterclaim filed against Ms. Nolan.

As to Requests for Admission Nos. 15 through 20, PMK claimed to be "unable" to admit or deny the fact that the outstanding maintenance fees, reserves, special assessments, late charges, lien processing fee, and attorneys' fees and costs (respectively) that PMK specifically listed in Paragraph 22 of the Counterclaim have been determined to be consumer debts as a matter of law in the Ninth Circuit.

In response to Request for Admission No. 21, PMK claimed to be unable to admit or deny the fact that the balance demanded in the Counterclaim does not appear on Ms. Nolan's Owner History Report as of August 2022. Yet, the relevant Owner's History Report was attached to Ms. Nolan's complaint in this case as Exhibit 6. *Dkt.* 1-7, Page ID 70. This denial occurred even after the AOAO's *six* 30(b)(6) witnesses were deposed for nearly an entire day (a deposition that PMK's associate Dallas

Walker attended) and admitted that the balance does not appear anywhere on the Owner History Report.

In response to Request for Admission No. 22, which states "Defendant PMK calculated the amounts it included in the Counterclaim," PMK avoided the question entirely and instead admitted that PMK drafted and filed the Counterclaim – but "at the direction of the AOAO.

In response to Request for Admission No. 24, PMK claimed that PMK is unable to admit or deny *its own subjective intent*.

In response to Request for Admission No. 25, which states "Defendant PMK knew that Plaintiff Maureen Nolan's Attorney was obligated to provide Plaintiff Maureen Nolan a copy of the Counterclaim," PMK admits that an attorney-client relationship existed between Ms. Nolan and Mr. Revere and that Mr. Revere "would provide legal counseling to Plaintiff regarding the AOAO's counterclaim." However, PMK claimed to be unable to admit that a lawyer is obligated to provide a copy of a pleading to his client; and

In response to Request for Admission No. 28, PMK nonsensically repeated its responses to Requests 26 and 27, *i.e.*, that PMK has never charged Ms. Nolan for fees and costs and Ms. Nolan has never owed PMK fees and costs. Yet, Request 28 states "Defendant PMK has been fully reimbursed its attorneys' fees and costs *by the AOAO*." (emphasis added).

6

## III. GOOD CAUSE EXISTS TO COMPEL ADMISSIONS

PMK deliberately and wrongly claimed that common words used in the requests were so vague and ambiguous as to the meaning of words precluding it from either answering or denying the requests and that the words had "legal significance," further justifying its refusal to properly answer the requests.

PMK objected to the following RFAs for the purported reason (see Exhibit 2):

<u>that the Request is vague and ambiguous as to the meaning of the following terms and phrases, as used in the Request: PMK is therefore unable to identify the specific information and/or fact that Plaintiff is asking PMK to admit or deny in the Request, due to Plaintiff's use of the undefined, vague, and ambiguous terms/phrases in the Request.</u>

RFA no. 1- terms and phrases alleged to be vague and ambiguous as to meaning: **"principal," "purpose," "collection," "consumer," "debts," "principal purpose," and "consumer debts."**

RFA no. 2- terms and phrases alleged to be vague and ambiguous as to meaning: **"regularly," "collected," "debts," "owed," "another," "owed to another," and "in 2022."**

RFA no. 3- terms and phrases alleged to be vague and ambiguous as to meaning: **"performs," "debt," "collection," "in," "course," "legal," "services," "it," "offers," "clients," "commercial," "litigation," "enforcement," "association," "rules," "addressing," "delinquencies," "association," "assessments," "debt collection," "in the course of," "legal services," "offers to," "its clients," "in**

7

commercial litigation," "enforcement of association rules and covenants," "addressing delinquencies," "in association assessments," "addressing delinquencies in association assessments," and "related to the foregoing."

RFA no. 5- terms and phrases alleged to be vague and ambiguous as to meaning: **"attempted," "collect," "debt," "owed," "alleged," "attempted to," "a debt," "owed to," "alleged to be owed to," "by Maureen Nolan," and "a debt owed to or alleged to be owed to the Association of Apartment Owners of Mokuleia Sands by Maureen Nolan."**

RFA no. 6- terms and phrases alleged to be vague and ambiguous as to meaning: **"The debt," "debt," "allegedly," "considered," "default," "allegedly owed," and "in default."**

RFA no. 7- terms and phrases alleged to be vague and ambiguous as to meaning: **"furtherance," "its," "attempts," "its attempts," "debt," "owed," "collect," "alleged," "in furtherance of its attempts to collect," "the debt," "owed," "alleged to be owed," and "by Plaintiff Maureen Nolan."**

RFA no. 8- terms and phrases alleged to be vague and ambiguous as to meaning: **"seeking," "effort," "pressure," "demanded," "without," "ledger," "legal," "fees," "legal fees" "scrutiny," "effort to pressure," "amounts demanded," "without subjecting," and "scrutiny by the courts."**

RFA no. 9- terms and phrases alleged to be vague and ambiguous as to meaning: **"allegedly," "obligated," "pay," "a debt," "obligated to pay," "a debt to the Association of Apartment Owners of Mokuleia Sands."**

RFA no. 10- terms and phrases alleged to be vague and ambiguous as to meaning: **"consumer,"**

RFA no. 11- terms and phrases alleged to be vague and ambiguous as to meaning: **"at all times relevant." "relevant counterclaim" and "owner"**

RFA no. 12- terms and phrases alleged to be vague and ambiguous as to meaning: **"became" and "owner."**

RFA no. 13- terms and phrases alleged to be vague and ambiguous as to meaning: **"Plaintiff Maureen Nolan's Brother," "lived," "lived in the Unit," and "until 2008."**

RFA no. 14- terms and phrases alleged to be vague and ambiguous as to meaning: **"2006," "some time in 2008," "used," "primarily," "Plaintiff Maureen Nolan's family," and "Plaintiff Maureen Nolan's family's purposes."**

RFA no. 15- terms and phrases alleged to be vague and ambiguous as to meaning: **"allegedly," "outstanding," "maintenance fees," "consumer," "debt," "allegedly outstanding," and "consumer debt."**

RFA no. 16- terms and phrases alleged to be vague and ambiguous as to meaning: **"allegedly.," "outstanding," "maintenance fee reserves," "consumer," "debt," "allegedly outstanding," and "consumer debt."**

RFA no. 17- terms and phrases alleged to be vague and ambiguous as to meaning: **"allegedly," "outstanding," "special assessment," "consumer," "debt," "allegedly outstanding," and "consumer debt."**

RFA no. 18- terms and phrases alleged to be vague and ambiguous as to meaning: **"allegedly," "outstanding," "late charges," "consumer," "debt," "allegedly outstanding," and "consumer debt."**

RFA no. 19- terms and phrases alleged to be vague and ambiguous as to meaning: **"allegedly," "outstanding," "lien processing fee," "consumer," "debt," "allegedly outstanding," and "consumer debt."**

RFA no. 20- terms and phrases alleged to be vague and ambiguous as to meaning: None specified

RFA no. 21- terms and phrases alleged to be vague and ambiguous as to meaning: **"balance," "reflected," "balance of $25,424.78," "not reflected," "August 2022," and "as of August 2022."**

RFA no. 22- terms and phrases alleged to be vague and ambiguous as to meaning: **"calculated," "amounts," "included," "the amounts," "it included," "in the Counterclaim" and "the amounts it included in the Counterclaim."**

RFA no. 23- terms and phrases alleged to be vague and ambiguous as to meaning: **"gave notice," "all other Defendants," and "gave notice to Maureen Nolan and all other Defendants information regarding approved housing counselors and approved budget and credit counselors."**

RFA no. 24- terms and phrases alleged to be vague and ambiguous as to meaning: **"intended," "receive," "a copy of the Counterclaim."**

RFA no. 25- terms and phrases alleged to be vague and ambiguous as to meaning: **"knew," "obligated," "copy of the Counterclaim," and "obligated to provide Plaintiff Maureen Nolan with a copy of the Counterclaim."**

RFA no. 26- terms and phrases alleged to be vague and ambiguous as to meaning: **"owe," "any," "attorney's fees, "as of," "does not owe Defendant PMK," and "any attorney's fees."**

RFA no. 27- terms and phrases alleged to be vague and ambiguous as to meaning: **None specified, but PMK seems now know the meaning of "owe" and "costs"**

RFA no. 28- terms and phrases alleged to be vague and ambiguous as to meaning: **"fully," "reimbursed," "its, "attorney's fees," "costs," "fully reimbursed," "its attorney's fees and costs," and "by the A0A0." [PMK seems to know have forgotten the meaning of the word "costs"]**

11

RFA no. 29- terms and phrases alleged to be vague and ambiguous as to meaning: **"there has never been," "a judicial review," "the attorney's fees," "costs," "the attorney's fees and costs," "billed," "are reasonable," "the attorney's fees and costs billed by Defendant PMK,"**

PMK and its counsel attempt to avoid admitting that it is a debt collector, that it is a debt, and denying that Maureen Nolan is a consumer is absurd. They have raised quibbling over the meaning of common words to a fine art. A hard copy of Webster's Dictionary or google search would clear up their "confusion". Furthermore, admissions are not required to be devoid of argument or the legal significance of facts. In *Olmos v. Ryan*, 2020 WL 1904631(D.AZ 2020) at 9, the court explained that:

> Rule 36 permits requests for admission of "facts, the application of law to fact, or opinions about either." Fed. R. Civ. Proc. 36(a)(1)(A). Thus, such requests are not required to be devoid of argument, or the legal significance of facts. Whatever the source of Judges Van Pelt and Delehant's decision in *Rhodes* may have been, they did not disclose the sources, and the decision is contrary to the plain language of current Rule 36.

See also <u>New Mexico ex rel Balderas v. Real Estate Law Center PC</u>, 405 F.Supp.3d 1233, 1249-53 (D. New Mexico 2019).

The whole point of the Plaintiff's Requests for Admissions was to narrow the issues, to eliminate the need for proof, and setting at rest triable issues. There is no reason that PMK should be able to avoid admitting that PMK is a debt collector, that it sought to collect a debt, and that Maureen Nolan is a consumer pursuant to the

FDCPA. PMK and its counsel buries its head in the sand and pretends not to understand the words used in the request for admissions. It also avoids answering requests that apply law to facts or simply relate to facts. In *New Mexico ex re Balderas*, supra at 1251-52 the court explained the application of law to facts in a request for admission:

> In <u>Brown v. Montoya</u>, the plaintiffs asked the Court to compel the defendants to respond to requests for admission identifying the defendants' job duties. <u>See</u> 2013 WL 1010390, at *7. <u>One request for admission, for example, asked one of the Defendants to "[a]dmit that in your official capacity as Secretary of the New Mexico Department of Corrections, your duty or authority includes ensuring that the Department's policies are in compliance with relevant state and federal laws, including the Fourteenth Amendment to the United States Constitution." 2013 WL 1010390, at *8. The defendants objected to the plaintiff's requests for admission, arguing that the requests for admission called for a legal conclusion. See 2013 WL 1010390, at *8. The plaintiffs asserted that the purpose of the requests for admission was not to seek a legal conclusion, but to establish factually what each individual defendant did in his or her job. See 2013 WL 1010390, at *15. The Court, citing Stark-Romero v. National Railroad Passenger (AMTRAK), overruled the defendants' objections, concluding that the requests for admission permissibly sought to apply law to the facts of the case…[emphasis added]</u>

Again, PMK has quibbled as the meaning of common words in each request and engaged in rank gamesmanship in avoiding honest responses to the RFAs. The court in *Springer* supra at 4 explained the danger inherent in such a course of action:

> The party to whom requests for admission are propounded acts at his own peril when answering or objecting. Gamesmanship in the form of non-responsive answers, vague promises of a future response,

13

or quibbling objections can result in the request being deemed admitted or in a post-trial award of monetary sanctions without prior opportunity to correct the deficiency. Therefore, the only safe course of action for counsel is to adhere to the plain language of Rule 36(a)." *House v. Giant of Maryland LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005).

## IV. **CONCLUSION**

PMK's responses to the RFAs is the epitome of bad faith and gamesmanship. It improperly labels the application of law to facts as calling for a legal conclusion. It pretends not to know the meaning in the context of the RFAs of so many common words. This is a lawsuit. Words may have legal significance, but not to the exclusion of their common meaning. This does not excuse claiming throughout its objections that those words are so vague and ambiguous as to have no meaning and then at Kiakona's deposition suddenly understanding those words (Exhibit 5, Declaration of Bruce F, Sherman, paragraph 7).

Plaintiff's RFAs should be deemed admitted and sanctions applied to PMK. Alternately, PMK should be ordered to revise its responses to the RFAs within five days, This is not the best solution given PMK's bad faith, quibbling, and gamesmanship so far.

DATED:  Honolulu, Hawaii, July 31, 2024.

                                                */s/ Terrance M. Revere*
                                                TERRANCE M. REVERE
                                                BRUCE F. SHERMAN
                                                RICHARD L. HOLCOMB
                                                Attorneys for Plaintiff