IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUREEN NOLAN, | ) CIVIL NO. 23-00271 DKW-WRP |
| | ) |
| Plaintiff, | ) ORDER GRANTING IN PART |
| | ) AND DENYING IN PART |
| vs. | ) PLAINTIFF'S MOTION TO |
| | ) COMPEL DISCOVERY AND FOR |
| PORTER MCGUIRE KAIKONA, LLP, | ) SANCTIONS |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Before the Court is Plaintiff's Motion to Compel Discovery and For Sanctions, filed on July 31, 2024, ECF No. 38 (Motion). Defendant filed its Opposition to the Motion on August 14, 2024, ECF No. 40. Plaintiff filed her Reply on August 28, 2024, ECF No. 42. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the record in this action and the relevant legal authority, the Court GRANTS IN PART and DENIES IN PART the Motion as detailed below.

BACKGROUND

Plaintiff in this Fair Debt Collection Practices Act (FDCPA) propounded 30 requests for admissions (RFAs) to Defendant on March 7, 2024.

See Mot., ECF No. 38-1, at 4.  On April 16, 2024, Defendant admitted RFA No. 30 and provided various objections and qualified responses to the remaining 29 RFAs.  See Def.'s Responses to RFAs, ECF No. 38-5.  The parties engaged in several calls and conferences to attempt to resolve their issues regarding Defendant's responses to the RFAs.  See Decl. of Counsel, ECF No. 38-3, ¶¶ 9-15, 18-23.  After the parties were unable to resolve their issues, Plaintiff filed the present motion on July 31, 2024, the last day to file discovery motions under the Rule 16 Scheduling Order.  In the present Motion, Plaintiff asks the Court to deem all of the RFAs admitted, or, alternatively, to compel Defendant to provide amended responses.  See Mot., ECF No. 38.  In Opposition, Defendant argues that its responses are sufficient.  See Opp., ECF No. 40.

## DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions and provides that a party may serve RFAs on any other party asking them to admit the truth of any relevant matter.  See Fed. R. Civ. P. 36(a)(1).  The matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Id. at (a)(3).  Rule 36 provides further requirements for a party's response to RFAs:

> If a matter is not admitted, the answer must specifically

2

> deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Id. at (a)(4).  Rule 36 requires that any objections must be expressly stated and cannot be based "solely on the ground that the request presents a genuine issue for trial." Id. at (a)(5).

"Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct.  They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir.1994) (citation omitted).  A party may not avoid responding to an RFA based on technicalities.  See id. ("to aid the quest for relevant information parties should not seek to evade disclosure by quibbling and objection").  A responding party "should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." See id. (citing Holmgren v. State Farm Mutual Auto. Ins. Co., 976 F.2d 573, 579-81 (9th Cir. 1992)).  "The discovery process is subject to the overriding limitation of good faith.  Callous disregard of discovery responsibilities cannot be condoned. Asea,

3

Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (citing Campbell Industries v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980)).

Under Rule 36(a)(6), the requesting party "may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served." Id. If the Court finds that an answer does not comply with Rule 36, the Court "may order either that the matter is admitted or that an amended answer be served." Id. The Court may award reasonable expenses, including attorney's fees, under Rule 37(a)(5) if the motion to compel is granted in whole or in part.

**I. Plaintiff's Request to Deem the RFAs Admitted is DENIED.**

In her Motion, Plaintiff asks the Court to deem all of the RFAs admitted. See Mot., ECF No. 38-1, at 17. As discussed in detail below, the Court finds that twenty-nine of Defendant's responses to the thirty RFAs are deficient.[1] Accordingly, the Court "may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). "Generally, a court should allow the responding party to amend the requests for admission and only impose the 'severe' sanction of deeming admitted requests for admission where the

---

[1] Defendant's response to RFA No. 30, which it admitted without objection, is not at issue in this Motion. See Def.'s Responses to RFAs, ECF No. 38-5, at 38.

responding party intentionally disregards its obligations under Federal Rule of Civil Procedure 36(a)." Howard v. Boyd, No. 220CV00462GMNNJK, 2022 WL 257021, at *4 (D. Nev. Jan. 26, 2022) (citing Asea, 669 F.2d at 1247). Because this is the first discovery dispute related to these requests and Defendant made some effort to comply, the Court will allow Defendant an opportunity to amend its responses to Plaintiff's requests for admission and DENIES Plaintiff's request to deem the RFAs admitted. Because the Court has denied Plaintiff's request to deem the RFAs admitted, the Court need not address the parties' substantive arguments regarding the truthfulness of the matters at issue in the RFAs.

**II. Plaintiff's Request to Compel Amended Responses to the RFAs is GRANTED.**

Alternatively, Plaintiff asks the Court to compel Defendant to provide amended responses to the RFAs. See Mot., ECF No. 38-1, at 17. As discussed in detail below, the Court finds that Defendant's responses to the RFAs are deficient. Pursuant to Rule 36(a)(6), Defendant shall serve amended answers in compliance with this Order no later than September 24, 2024.

**1. Defendant's Objections that the RFAs Contain Vague and Ambiguous Terms and Phrases are OVERRULED.**

For most of the RFAs, Defendant objected that nearly every word used in each request was "vague and ambiguous," which rendered Defendant

5

"unable to identify the specific information and/or fact that Plaintiff is asking [Defendant] to admit or deny." See Def.'s Responses, ECF No. 38-5. For example, RFA No. 2 asked Defendant to admit or deny that it "regularly collected debts owed to another in 2022." See id. at 9. Defendant objected "on the grounds that the Request is vague and ambiguous as to the meaning of the following terms and phrases, as used in the Request: 'regularly,' 'collected,' 'debts,' 'owed,' 'another,' 'owed to another,' and 'in 2022.'" See id. In RFA No. 3, Defendant was asked to admit or deny that it "performs debt collection in the course of the legal services it offers to its clients, such as in commercial litigation, enforcement of association rules and covenants, addressing delinquencies in association assessments, and litigation." Id. at 10. Defendant objected "on the grounds that the Request is vague and ambiguous as to the meaning of the following terms and phrases, as used in the Request: 'performs,' 'debt,' 'collection,' 'in,' 'course,' 'legal,' 'services,' 'it,' 'offers,' 'clients,' 'commercial,' 'litigation,' 'enforcement,' 'association,' 'rules,' 'addressing,' 'delinquencies,' 'association,' 'assessments,' 'debt collection,' 'in the course of,' 'legal services,' 'offers to,' 'its clients,' 'in commercial litigation,' 'enforcement of association rules and covenants,' 'addressing delinquencies,' 'in association assessments,' 'addressing delinquencies in association assessments,' and 'related to the foregoing.'" See id. In addition to these two examples, Defendant made similar objections that almost all of the

6

words used in the following RFAs were "vague and ambiguous" rendering Defendant unable to admit or deny:  RFA Nos. 1, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29.  See id. at 8-38.  In its Opposition, Defendant characterizes these objections as "robust," and attempts to excuse them away because it provided some responses "subject to and without waiving the foregoing objections."  See Opp., ECF No. 40, at 10-11.

Defendant's overly broad and excessively repeated "vague and ambiguous" objection is the type of "evasion and word play" that the Court will not tolerate in discovery.  See Marchand, 22 F.3d at 938.  When the purpose of a discovery request is reasonably clear, courts do not permit denials based on an overly technical reading of the request.  See, e.g., Holmgren, 976 F.2d at 580 (rejecting a party's objection to the word "caused" as ambiguous and holding that "[e]pistemological doubts speak highly of [the party's] philosophical sophistication, but poorly of its respect for Rule 36(a).").  "[R]egardless of the type of discovery requested, a responding party has an 'obligation to construe . . . discovery requests in a reasonable manner' [and] 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized.'" Boston v. ClubCorp USA, Inc., No. CV 18-3746 PSG (SS), 2019 WL 1873293, at *2 (C.D. Cal. Mar. 11, 2019) (quoting Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 618-19 (D. Colo. 2007) and McCoo v. Denny's

7

Inc., 192 F.R.D. 675, 694 (D. Kan 2000)); U.S. ex rel. Englund v. Los Angeles Cnty., 235 F.R.D. 675, 683-85 (E.D. Cal. 2006) ("it is not ground for objection that the request is 'ambiguous' unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply."). Here, Defendant did not exercise reason and common sense, but instead chose to object to nearly every word in each request. Even though Defendant provided some qualified response to these RFAs, Defendant's lengthy and unjustified objections to the terms and phrases in each RFA rendered any substantive response virtually meaningless.

The Court OVERRULES all of Defendant's objections on the basis that any terms or phrases used in the RFAs are vague and ambiguous such that Defendant was unable to identify the specific information and/or fact at issue. The Court GRANTS Plaintiff's request to compel Defendant to amend its responses. In its amended responses, Defendant may object to specific terms and phrases to the extent they are defined by statute or case law, but it must reference the disputed definition in its response.

**2. Defendant's Objections that the RFAs Call for Legal Conclusions are OVERRULED.**

Defendant objected to RFA Nos. 1-29 on the basis that the requests called for legal conclusions. See Def.'s Response to RFAs, ECF No. 85-5, at 8-38. Under Rule 36, a party can serve a request for admission that relates to "facts, the

8

application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). Defendant's objection ignores the plain language of Rule 36(a), which allows for requests about the application of law to fact. Although requests that call for pure legal conclusions are generally not permitted, if an RFA asks the responding party to admit the application of law to the facts of the particular case, such requests are permissible and must be answered. See, e.g., Daniels v. G4S Secure Sols. USA, Inc., No. 820CV00283JGBJDEX, 2021 WL 1537040, at *8 (C.D. Cal. Jan. 21, 2021) (finding that RFAs that asked the defendant to admit that the plaintiff belonged to a protected class and was a covered employee "are permissible questions of mixed law and fact tied to the facts of the case"). In the context of the FDCPA, other courts have expressly held that RFAs that ask the defendant to admit that it collected a debt or that it performed debt collection activities were proper requests that must be answered. See Boston, 2019 WL 1873293, at *5.

Accordingly, the Court OVERRULES Defendant's objection that RFAs Nos. 3, 4, 5, 6, 7, 8, 9, 10, 15, 16, 17, 18, 19, and 20 call for legal conclusions. Although these requests address legal issues in this case, i.e., liability under the FDCPA, they seek to apply the law to the specific facts of this case, which is an appropriate use of requests for admissions. Additionally, the Court OVERRULES Defendant's objection that RFAs Nos. 1, 2, 11, 12, 13, 14, 21, 22, 23, 24, 25, 26, 27, 28, and 29 call for legal conclusions. These RFAs ask

Defendant to admit certain facts about itself, facts about Plaintiff, facts about the AOAO's Counterclaim, and facts about fees and costs. These RFAs do not call for legal conclusions. The Court GRANTS Plaintiff's request to compel Defendant to provide amended responses. If Defendant is unable to admit or deny any of these RFAs, it may qualify its response, but must respond to the extent that it reasonably can. See Fed. R. Civ. P. 30(a)(4).

### 3. Defendant's Objections that Defendant "is an inappropriate party" to Admit or Deny the RFAs are OVERRULED.

In six of the RFAs, Plaintiff asked Defendant to admit certain facts regarding Plaintiff's ownership and use of the property at issue. See RFAs Nos. 11, 12, 13, 14, 21, and 22, ECF No. 38-5, at 19-21, 28-29. In response to these RFAs, Defendant objected on the grounds that the Defendant "is an inappropriate party to admit or deny the information in the Request," and denied the RFAs based on this and other objections that have been overruled by the Court above. See id. at 19-22, 28-29. Defendant provides no support for its assertion that RFAs must be limited to facts about Defendant. Instead, the plain language of Rule 36 anticipates that parties may need to conduct an inquiry into the subject matter of an RFA before responding. See Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it

10

knows or can readily obtain is insufficient to enable it to admit or deny."); Asea, 669 F.2d at 1245-46 (holding that "a response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter.").

The Court OVERRULES Defendant's objections to RFAs Nos. 11, 12, 13, 14, 21, and 22 on the grounds that the Defendant is an inappropriate party to admit or deny the information in the Request. The Court GRANTS Plaintiff's request to compel Defendant to provide amended responses. If Defendant is unable to admit or deny any of these RFAs because it lacks knowledge or information, it must state that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. See Fed. R. Civ. P. 30(a)(4).

### 4. Defendant's Boilerplate Objections are OVERRULED.

As a preface to its responses, Defendant provided a "Preliminary Statement," which states that Defendant does not waive various objections, and provided a list of ten "General Objections." See Def.'s Responses to RFAs, ECF No. 85-3, at 2-6. "Where the responding party provides a boilerplate or generalized objection, the 'objections are inadequate and tantamount to not making any objection at all.'" Herrera v. AllianceOne Receivable Mgmt., Inc., Civil No.

14-CV-1844-BTM (WVG) 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) (quoting Walker v. Lakewood Condo. Owners Ass'ns, 186 F.R.D. 584, 587 (C.D. Cal. 1999)). Such "boilerplate and generalized objections" have routinely been rejected by the courts. See, e.g., McAllister v. Adecco Grp. N.A., No. CV 16-00447 JMS-KJM, 2017 WL 11151276, at *3 (D. Haw. Nov. 28, 2017), *aff'd*, 2018 WL 8367611 (D. Haw. Feb. 13, 2018); Kim v. Crocs, Inc., No. CV 16-00460 JMS KJM, 2017 WL 10379587, at *4 (D. Haw. Nov. 28, 2017) ("the Court strikes all objections contained in [the defendant's] Preliminary Statement and General Statements and Objections as improper boilerplate objections"). Accordingly, the Court OVERRULES all objections contained in Defendant's Preliminary Statement and General Objections.

Additionally, in response to RFA Nos. 10, 15-29, Defendant objected with the same boilerplate language that the request is "harassing" and "is not reasonably calculated to lead to the discovery admissible evidence." See Def.'s Responses to RFAs, ECF No. 38-5, at 22-38. The Court OVERRULES these objections as boilerplate recitations of the standard for discoverable information. See A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (general or boilerplate objections such as "overly burdensome and harassing" are improper). The Court GRANTS Plaintiff's request to compel Defendant to provide amended responses. If Defendant objects to these RFAs based on

relevancy, it must specifically state why the information requested is not relevant to the claims or defenses in this litigation.

### 5. An Award of Reasonable Expenses Related to this Motion is Appropriate.

If the Court grants in part and denies in part a motion to compel, "the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). However, the Court must not award reasonable expenses if the response was "substantially justified," or "other circumstances made an award of expenses unjust." Id. at (a)(5)(A) and (B). The Court finds that Defendant's actions in this discovery dispute were not substantially justified. Defendant bears the burden of establishing that its position was substantially justified. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106–07 (9th Cir. 2001). Substantial justification requires a showing that the discovery conduct has "a reasonable basis in both law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The discovery conduct must meet "the traditional reasonableness standard—that is justified in substance or in the main, or to a degree that could satisfy a reasonable person." Id. (internal quotations omitted). Reasonable people could not differ on whether Defendant's responses to the RFAs were appropriate. As detailed above, Defendant made overly broad and unsubstantiated objections to most of the RFAs and included boilerplate objections

that have been rejected by courts numerous times.  The Court is unpersuaded by Defendant's argument that its responses, made subject to its objections, were adequate.  In these circumstances, the Court finds that Defendant's actions were not substantially justified.  Further, Defendant has not shown that any other circumstances made an award of expenses unjust.  See Fed. R. Civ. P. 37(a)(5).  However, because the Court has denied in part Plaintiff's requested relief, the Court will only award a portion of the reasonable expenses incurred.

No later than October 1, 2024, Plaintiff may file a supplemental declaration detailing the reasonable expenses incurred related to the Motion.  The supplemental declaration should contain sufficient information for the Court to determine the reasonableness of the work completed and the hourly rate requested.  No later than October 16, 2024, Defendant may file a response to Plaintiff's supplemental submission.  Thereafter, the Court will issue an order regarding the award of reasonable expenses.[2]

## CONCLUSION

Plaintiff's Motion to Compel Discovery and For Sanctions, filed on July 31, 2024, ECF No. 38, is GRANTED IN PART and DENIED IN PART.

---

[2] The Court's award of reasonable expenses related to this discovery dispute does not prevent Plaintiff from later seeking relief under Rule 37(c)(2) if she is ultimately able to prove the truth of the matter requested in any RFAs that are denied by Defendant in its amended responses.  See Fed. R. Civ. P. 37(c)(2).

Plaintiff's request to deem the Requests for Admissions admitted is DENIED. Plaintiff's request to compel Defendant to provide amended responses to Request for Admissions Nos. 1-29 is GRANTED as detailed above. No later than September 24, 2024, Defendant shall provide its amended responses to Plaintiff and shall file a Certificate of Service evidencing its compliance. No later than October 1, 2024, Plaintiff may file a supplemental declaration detailing the reasonable expenses incurred related to the Motion. No later than October 16, 2024, Defendant may file a response to Plaintiff's supplemental submission.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 10, 2024.



Wes Reber Porter
United States Magistrate Judge

**NOLAN v. PORTER MCGUIRE KAIKONA, LLP; CIVIL NO. 23-00271 DKW-WRP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**