GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| CALVIN E. YOUNG | 3278-0 |
| cyoung@goodsill.com | |
| DAVID J. HOFTIEZER | 9976-0 |
| dhoftiezer@goodsill.com | |
| NICHOLAS K. KIDO | 11333-0 |
| nkido@goodsill.com | |
| STEVEN T. WALL | 10910-0 |
| swall@goodsill.com | |

First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
PORTER MCGUIRE KIAKONA, LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUREEN NOLAN,<br><br>    Plaintiffs,<br><br> vs.<br><br>PORTER MCGUIRE KIAKONA, LLP,<br><br>    Defendants. | CASE NO. 1:23-CV-00271-SASP-WRP<br><br>DEFENDANT PORTER MCGUIRE KIAKONA, LLP's RESPONSE TO PLAINTIFF'S SUPPLEMENTAL DECLARATION; DECLARATION OF COUNSEL; EXHIBITS A – F; CERTIFICATE OF SERVICE<br><br>Trial Date: January 27, 2025<br>Judge: Hon. Shanlyn A.S. Park |

12380192.1

## PMK'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL DECLARATION

Pursuant to this Court's Order of September 10, 2024 [ECF 52], Defendant PORTER MCGUIRE KIAKONA, LLP ("PMK"), by and through its attorneys, Goodsill Anderson Quinn & Stifel, LLP, hereby files its Response to Plaintiff MAUREEN NOLAN's ("Plaintiff") Supplemental Declaration [ECF 56] (the "Fee Request") for the fees and costs she allegedly incurred for her Motion to Compel Discovery and for Sanctions [ECF 38] (the "Motion to Compel"). The fees sought in the Fee Request are inflated, excessive, and should be significantly reduced.

### I.   INTRODUCTION

Plaintiff's Fee Request is, frankly, obscene; her counsel claim they reasonably billed Plaintiff $33,875.65 to draft and file a Motion to Compel. The Fee Request claims it took three paralegals and three partner-level attorneys over 80 hours to prepare that non-dispositive Motion. It also claims, without the required factual support, that it is reasonable for three partner-level attorneys to work her case at rates of $600/hr to $550/hr for Terrance Revere, $450/hr for Bruce Sherman, and $350/hr for Rick Holcomb. For context, this is the *second* lawsuit Plaintiff filed to allege that PMK's attorney rates of $260/hr to $340/hr are shocking, inflated, and tortious.

In an effort to further inflate their fee request—which should be limited to the costs required to bring their Motion to Compel—Plaintiff's counsel padded their request time spent drafting discovery requests, preparing for and deposing a non-

1

party fact witness, and performing clerical tasks, as well as with spiked billing rates.[1]

Those tactics artificially inflated the present Fee Request by over $20,000.

PMK reviewed the time entries at issue and calculated that, when the prevailing market rate of $350/hr for attorneys and Plaintiff's prior rate of $80/hr for paralegals are applied to potentially recoverable time entries, Plaintiff's counsel could seek up to $13,760 in attorney and paralegal fees.  *See* Exhibit A at PMK believes that no more than 50% of those fees—$6,880—should be awarded in light of the Court's disposition of the Motion to Compel, which it denied in part.  *See* Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [ECF 52] at 14.  This is especially true because Plaintiff, herself, incurred no actual cost; by agreement with her counsel, Plaintiff is only, personally, responsible for her attorney's fees if she fires them.  Exhibit D (Engagement Agreement) at 1-2.

## II.   LEGAL STANDARD:  LODESTAR ANALYSIS

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable. ..."  *Roberts v. City of Honolulu*, 938 F.3d

---

[1] Mr. Revere's hourly rate increased, without explanation, from $550/hr to $600/hr during the briefing schedule.  ECF 56-1 (Revere Decl.) at PageID.1405.
Mr. Sherman increased his rate from $425/hr to $450/hr.  *Compare* ECF 56-2 (Sherman Decl.) at PageID.1424 with Exhibit B at 2 (documenting previous rate of $425/hr).  The Revere & Associates' law firm increased their paralegal billing rate from $80/hr to $150/hr.  *Compare* ECF 56-1 at PageID.1412-13 (paralegals, including Darci Ernce ("DME") billed at $150/hr) *with* Exhibit C at NOLAN1638, NOLAN1641 (DME billed to Plaintiff at $80/hr); *id.* (Revere billing at $500/hr).

1020, 1023 (9th Cir. 2019) *(quoting Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016). "Courts begin the analysis by applying the lodestar method." *Id.*, (*citing Bravo v. City of Santa Maria*, 810 F.3d 659, 665–66 (9th Cir. 2016).

Determining the lodestar amount is a "two-step process." *Roberts*, 938 F.3d at 1023–24 (*citing Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)). "First, a court multiplies the number of hours 'reasonably expended on a case by a reasonable hourly rate.'" *Id.* (citation omitted). "The reasonable hourly rate is determined by assessing 'the prevailing market rate in the relevant community.'" *Id*. Second, and "[a]fter the lodestar figure is determined, a district court retains discretion to adjust the lodestar figure upward or downward based on a variety of factors 'not subsumed in the lodestar figure.'" *Id*. (citations omitted); *see also Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975) (lodestar amount may be adjusted for additional factors, including presence of a contingent fee agreement, complexity of the matter, and the requisite skill required). The "goal of the lodestar figure is to roughly approximate the fee the prevailing attorney would have received from a paying client." *Roberts*, 938 F.3d at 1023–24.

The attorney seeking fees bears the burden of submitting evidence to support the requested hourly rate. *See Hensley v. Eckerhart*, 461 U. S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Camacho v. Bridgeport Fin., Inc*., 523 F. 3d 973, 980 (9th Cir. 2008). "The burden is on the fee applicant 'to produce

satisfactory evidence' of the prevailing market rates." *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citations omitted); *Ko Olina Intangibles, LLC v. Nimiety Grp. LLC*, No. CV 19-00441 JMS-RT, 2021 WL 3074200, at *3 (D. Haw. June 30, 2021), *report and recommendation adopted*, No. CV 19-00441 JMS-RT, 2021 WL 3074167 (D. Haw. July 20, 2021).

## III.   REVIEW AND ANALYSIS OF INFLATED FEE REQUEST

Plaintiff's counsel each submitted declarations to support their Fee Request. *See* ECF 56-1 (Revere Decl.); ECF 56-2 (Sherman Decl.); ECF 56-3 (Holcomb Decl.); ECF 58 (Amended Sherman Decl.).[2]  Those declarations contain and/or attach summaries of the fees and costs they claim are related to and recoverable regarding their Motion to Compel.  However, the piecemeal format of those declarations is difficult to review.  For that reason, PMK prepared a single, consolidated spreadsheet summarizing Plaintiff's requested fees.  That summary spreadsheet is attached to the Declaration of Counsel as Exhibit A.

---

[2] The Amended Sherman Declaration directs this court to another FDCPA litigation Plaintiff's counsel filed to suggest that asking for $33,000 for a motion to compel is reasonable because PMK's defense costs in that lawsuit exceeded $168,000. *See* Amended Declaration of Bruce Sherman [ECF 58] (referencing docket in *Lai Ying Tsang et al. v Porter McGuire Kiakona, LLP*, Civil No. :23-cv-00333-MWJS-KJM.  This is an odd strategy, as Plaintiff's counsel withdrew as counsel in that case after the allegations in their pleadings and briefings were so thoroughly debunked that they raised Rule 11 and fraud concerns.  *See, e.g.*, Exhibit F (Motion for Sanctions, submitted without exhibits).  It seems both unusual and improper for counsel to reference the damage that they caused with a debunked, false pleading in support of their present Fee Request.

Exhibit A is color-coded to (hopefully) make it easier to read. Time billed by Mr. Revere is highlighted in green, time billed by Mr. Holcomb is highlighted in peach, time billed by Mr. Sherman is highlighted in blue, and time billed by Mr. Revere's paralegals is highlighted in yellow. Discounted hourly rates are indicated by bold red font. The relevant objections discussed in detail, *infra*, are referenced for each challenged time entry.

### A. Plaintiff's Fee Request is Limited to the Motion to Compel

Plaintiff's counsel attempted to inflate their Fee Request by including fees and costs that occurred in the ordinary course of their trial preparation and that predate the dispute about PMK's initial Response to Plaintiff's Request for Admissions. *See* Exhibit A (Table of Requested Fees) at lines 1-15, 37, 41-42, 90-92, and 108-110. This is not to reimburse Plaintiff for anything, but rather an opportunistic attempt by Plaintiff's counsel to line their own pockets. Those inflated and unrecoverable fee requests should be rejected.

The Federal Rules of Civil Procedure make clear that a free request related to a denied admission (1) can only occur of the Plaintiff has proven the denied admission, (2) the admission at issue is material, (3) the denying party did not have a reasonable basis for disputing/denying the admission, or (4) there was other good reason for the failure to admit. Fed. R. Civ. P. 37(c)(2). This is a form of post-judgment relief. *Id.* Plaintiff has yet to meet her burden and the Court is not

5

addressing Plaintiff's request for the alleged, hypothetical cost of here lawsuit. Rather, the Court has agreed to award Plaintiff a *portion* of the reasonable attorney's fees and costs incurred on the Motion to Compel, which was granted in part and denied in part. ECF 52 at 14.

Thus, Plaintiff's requests fees and costs incurred drafting discovery requests, preparing for and deposing trial a witness, preparing her own unrelated declaration, and purchasing a deposition transcript are premature and should be excluded from the Court's present analysis. This eliminates $9,070 of Plaintiff's inflated Fee Request and the cost of the deposition/deposition transcript. *See* Exhibit A at lines 1-15, 37, 41-42, 90-92, and 108-110.

### B.   The Hourly Rates Plaintiff's Counsel Request are Inflated

Plaintiff's counsel also inflated their Fee Request by requesting above-market rates without providing any rationale or support.[3] In fact, of the three attorneys and three paralegals at issue, only Mr. Holcomb's rates are supported with any substantive background on his experience and analysis of the prevailing market rates. That analysis indicates that the prevailing market rate for an experienced litigator and handling a case like this is $350/hr, which is slightly-higher than what PMK's counsel Calvin E. Young and David J. Hoftiezer are

---

[3] The third-party declarations Plaintiff's counsel filed to support their requested hourly rates are unsupported, conclusory, and previously undisclosed expert witness reports. Although they can be considered, they lack support and credibility.

charging, but not manifestly unreasonable. Decl. of Counsel at ¶¶ 3-4 (PMK's partner-level counsel are billing at $300/hr). PMK will accept that $350/hr is a reasonable, prevailing market rate for Plaintiff's counsel in a FDCPA litigation.

Mr. Revere's dual rates of $550/hr and $600/hr, however, are unsupported and significantly above the prevailing market rates identified by Mr. Holcomb. Nor did Mr. Revere offer any explanation or justification for a $50/hr rate increase in the middle of the briefing schedule. Similarly, Mr. Sherman does not offer any substantive support or analysis to justify his requested rate of $450/hr, nor does he explain why he increased his rate by $25/hr during his representation of Plaintiff.[4] They failed to meet their burden of justifying their above-market rates and, accordingly, PMK respectfully requests that the court apply the prevailing market rate of $350/hr that Mr. Holcomb identified to Messrs. Revere and Sherman, too.

### C. Requested Paralegal Rates are Inflated

Plaintiff also requests a paralegal rate of $150/hr. Revere Decl. [ECF 56-1] at PageID.1412-13. As with the attorney rates for Messrs. Revere and Sherman, Plaintiff offers no background information, factual support or market rate analysis to support this request. Worse, the requested rate of $150/hr is nearly *double* what Plaintiff, herself, paid for paralegal support in the underlying State Litigation.

---

[4] The only substantive analysis that Mr. Sherman offered was the conclusory, unsupported, and previously undisclosed opinion of expert witness John Harris Paer. ECF 56-2 at PageID.1427-28.

*Compare* ECF 56-1] at PageID.1412-13 (requesting $150/hr for Mr. Revere's paralegals, including "DME") *with* Exhibit C at NOLAN1638, NOLAN1641 (previously billing DME at $80/hr). This same Plaintiff's counsel has previously proffered retained expert witness testimony claiming that, as of 2021, paralegals in Hawaiʻi should not charge more than $95/hr. *See* Exhibit E at 8.

At a certain level, all of the rates at issue in this case are a fiction; as Plaintiff testified, she has never been billed in this lawsuit, nor does she ever have to pay anything out of pocket for her current representation. *See* Exhibit D. However, past billing practices are insightful as to how Plaintiff and her own counsel valued the paralegal services they provided her. More to the point, however, the present Fee Request is not an opportunity for Plaintiff and/or her counsel to artificially spike and increase their fictional rate to punish PMK or boost their profit. Accordingly, PMK requests that paralegal rates for this case be set at the $80/hr that Plaintiff's counsel previously charged Plaintiff in her related state court litigation. Exhibit C; *see also Animaccord Ltd. v. Tran*, No. CV 23-00173 LEK-WRP, 2024 WL 1976031, at *5 (D. Haw. Mar. 28, 2024), *report and recommendation adopted sub nom. Animaccord Ltd. v. Ali*, No. CV 23-00173 LEK-WRP, 2024 WL 1972036 (D. Haw. May 3, 2024) (finding a paralegal rate of $75/hr to be reasonable and appropriate); *see also* Exhibit A (applying $80/hr paralegal rate to Fee Request).

8

### D.     Clerical Tasks and Unsupported Tasks are Not Recoverable

Plaintiff's Fee Request also needs to be reduced to eliminate billings for clerical tasks. Clerical tasks are not recoverable or compensable because they are "part of an attorney's overhead and are reflected in the charged hourly rate." *Sheehan v. Centex Homes*, 853 F.Supp.2d 1031, 1044 (D. Haw. 2011). (quoting, ultimately, *JJCO, Inc. v. Isuzu Motors Am., Inc.,* Civ. No. 08–00419 SOM–LEK, 2010 WL 3001924, at *12 (D.Haw. July 30, 2010)). The following tasks are considered clerical:

> reviewing Court-generated notices; scheduling dates and deadlines; calendaring dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

*Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc.*, Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), *adopted by* 2010 WL 5395669 (D. Haw. Dec. 22, 2010) (also deeming clerical identification and organization of exhibits); *see also, e.g., Yamada v. Weaver*, Civil No. 10-00497 JMS-RLP, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), *adopted in pertinent part by* 2012 WL 6019121 (D. Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

9

The Fee Request seeks recovery for numerous clerical tasks, including calendaring deadlines, drafting and filing a certificate of service, ordering deposition transcripts, compiling and organizing exhibits, drafting tables of contents and tables of authorities, finalizing materials for filing, and distributing filings. *See* Exhibit A at lines 7, 9-11, 14-15, 49, 54, 58, 64, 67-72, 75-85, 87, and 99. Those clerical tasks should have been subsumed in the billing attorney's hourly rates, they are not recoverable and should be excluded from the Fee Request and award. *Sheehan*, 853 F.Supp.2d at 1044.

## IV.  CONCLUSION

This Court ruled that it would award Plaintiff's counsel with a portion of their reasonable fees and costs regarding the Motion to Compel. ECF 52 at 14. Similarly, the Court agreed that Plaintiff's request for the full cost of her lawsuit was premature, as Plaintiff has not met her burden of proof. *Id.* at n.2 (citing Fed. R. Civ. P. 37(c)(2)). When the Fee Request is stripped of its superfluous and unrelated billings, its inflated fee requests, and is adjusted to reflect the partial denial of the relevant Motion to Compel, Plaintiff—or, more correctly, her counsel—should receive $6,880 or less. Even after the unrelated, duplicative, and clerical tasks are excluded, Plaintiff's Fee Request still claims more than 40 hours of attorney and paralegal time for a relatively basic, non-dispositive, non-hearing motion. Exhibit A.

DATED: Honolulu, Hawaii, October 16, 2024.

        */s/ David J. Hoftiezer*
        CALVIN E. YOUNG
        DAVID J. HOFTIEZER
        STEVEN T. WALL

        Attorneys for Defendant
        PORTER MCGUIRE KIAKONA, LLP