IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUREEN NOLAN, | ) CIVIL NO. 23-00271 SASP-WRP |
| | ) |
| Plaintiff, | ) ORDER AS TO AWARD OF |
| | ) REASONABLE EXPENSES TO |
| vs. | ) PLAINTIFF RELATED TO |
| | ) PLAINTIFF'S MOTION TO |
| PORTER MCGUIRE KAIKONA, | ) COMPEL DISCOVERY AND FOR |
| LLP, | ) SANCTIONS |
| | ) |
| Defendant. | ) |
| | ) |

ORDER AS TO AWARD OF REASONABLE EXPENSES
TO PLAINTIFF RELATED TO PLAINTIFF'S MOTION
TO COMPEL DISCOVERY AND FOR SANCTIONS

On September 10, 2024, this Court issued its Order Granting in Part

and Denying in Part Plaintiff's Motion to Compel Discovery and for Sanctions

(Discovery Order), ECF No. 52.   In the Discovery Order, the Court denied

Plaintiff's primary request to deem the Requests for Admissions (RFAs) admitted

and instead granted Plaintiff's alternative request to compel Defendant to provide

amended responses to the RFAs at issue.   See id. at 5.   Because the Court granted

in part and denied in part the motion to compel, the Court determined that it was

appropriate to apportion expenses and that Plaintiff was entitled to an award of

reasonable expenses incurred in making the motion to compel.   See id. at 13-14

(citing Fed. R. Civ. P. 37(b)(2)(C)).   However, because the Court denied in part

Plaintiff's requested relief, the Court stated that it would only award a portion of the reasonable expenses incurred.  Id. at 14.  The Court directed Plaintiff's counsel to file supplemental declarations regarding the expenses incurred, which are presently before the Court.  See Decl. of T. Revere, ECF No. 56-1; Amended Decl. of B. Sherman, ECF No. 58; Corrected Decl. of R. Holcomb, ECF No. 57-1.  In total, Plaintiff's counsel requests $33,875.74[1] for attorneys' fees, taxes, and costs. See Pl.'s Submission of Decls., ECF No. 56, at 2.  On October 16, 2024, Defendant filed a response to Plaintiff's submission arguing that the fees requested by Plaintiff's counsel are inflated and excessive.  See Def.'s Response, ECF No. 66, at 5-12.

## DISCUSSION

An award of reasonable attorneys' fees is generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must determine a reasonable fee by multiplying a reasonable hourly rate by the number of hours reasonably expended.  See Hensley, 461 U.S. at 433.  Once calculated, the "lodestar" is presumptively reasonable.  See Penns. v. Del. Valley

---

[1] Plaintiff's summary incorrectly states that Plaintiff's counsel is requesting $33,875.65 in fees, taxes, and costs, see Pl.'s Submission of Decls., ECF No. 56, at 2; however, the time sheets filed in support of Plaintiff's request correctly reflects a total request of $33,875.74.

<u>Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>see also</u> <u>Fischer</u>, 214

F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and

exceptional cases).

Here, Plaintiff requests costs for a deposition transcript and the

following rates and hours for work performed by her counsel:

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Richard L. Holcomb, Esq. | 24.8 | $350 | $8,680.00 |
| | 0.4 | $100 | $40.00 |
| Terrence M. Revere, Esq. | 9.7 | $550 | $5,335.00 |
| | 2.9 | $600 | $1,740.00 |
| Bruce F. Sherman, Esq. | 28.5 | $450 | $12,825.00 |
| Taylor Cervantes (paralegal) | 1.8 | $150 | $270.00 |
| Darci M. Ernce (paralegal) | 2.4 | $150 | $360.00 |
| Mea K. Mitchell (paralegal) | 11.5 | $150 | $1,725.00 |
| *Subtotal of Fees* | | | *$30,975.00* |
| *General Excise Tax* | | *4.712%* | *$1,459.54* |
| Costs for Deposition Transcript of Kapono Kiakona | | | $1,441.20 |
| TOTAL EXPENSES REQUESTED | | | $33,875.74 |

### a.  Reasonable Hourly Rate

When determining whether hourly rates are reasonable, the Court

"should be guided by the rate prevailing in the community for similar work

performed by attorneys of comparable skill, experience, and reputation."  <u>Webb v.</u>

Ada Cnty., 285 F.3d 829, 840 (9th Cir. 2002).  Reasonable hourly rates should reflect the prevailing market rates in the community.  See id.

Mr. Holcomb has more than 19 years of experience.  See Corrected Decl. of R. Holcomb, ECF No. 57-1, ¶ 7.  Mr. Revere has more than 30 years of experience.  See Decl. of T. Revere, ECF No. 56-1, ¶ 5.  Mr. Sherman has more than 45 years of experience.  See Amended Decl. of B. Sherman, ECF No. 58, ¶¶ 6-7.  Plaintiff requests $150 per hour for all paralegal work.  See Decl. of T. Revere, ECF No. 56-1, ¶ 20, but does not provide any information regarding the experience or education of the three paralegals that worked on this matter, Taylor Cervantes, Darci M. Ernce, and Mea K. Mitchell, see Pl.'s Submission of Decls., ECF No. 52.

Counsel's declarations state that the hourly rates requested are at or below market rates for work by attorneys and paralegals with similar experience. See Corrected Decl. of R. Holcomb, ECF No. 57-1, ¶¶ 20-31; Amended Decl. of B. Sherman, ECF No. 58, ¶ 9; Decl. of T. Revere, ECF No. 56-1, ¶¶ 15, 20-21. Additionally, counsel submitted the affidavit of another attorney in Honolulu attesting to the reasonableness of the hourly rate requested.  See Decl. of John Harris Paer, ECF No. 56-2.  Based on the information provided by counsel and the Court's knowledge of prevailing rates in the community, the Court finds that the requested rates for Mr. Holcomb and Mr. Sherman are reasonable.  See Camacho

4

v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("Affidavits of the plaintiff['s] attorneys and other attorneys regarding prevailing fees in the community. . . are satisfactory evidence of the prevailing market rate.") (citation and original alterations omitted); see also Hiken v. Dep't of Def., 836 F.3d 1037, 1044-45 (9th Cir. 2016) (holding that the district could should have considered the "affidavits from each of the attorneys attesting to the reasonableness of their rates" in making the lodestar calculation).  However, Plaintiff does not explain why Mr. Revere, who has fewer years of experience that Mr. Sherman, is entitled to a rate of $550 to $600 per hour.  Based on the information provided by Plaintiff and the Court's knowledge of prevailing rates in the community, the Court reduces the hourly rate for Mr. Revere to $450 per hour, the same rate requested by Mr. Sherman.  See Reyes v. Tanaka, No. CV 17-00143 JAO-KJM, 2020 WL 2857493, at *2 (D. Haw. June 2, 2020) (finding $400 per hour a reasonable rate for Mr. Revere); Zyda v. Four Seasons Hotels & Resorts, No. CV 16-00591-LEK-RT, 2020 WL 9762910, at *3 (D. Haw. Apr. 1, 2020) (finding $500 per hour a reasonable rate for Mr. Revere).

Additionally, because Plaintiff failed to provide any information to support the requested rate for paralegal work, the Court cannot determine whether the requested rate is reasonable and reduces the rate for all paralegal work from $150 per hour to $100 per hour.  See, e.g., Mueller v. Dep't of Pub. Safety, No. CV

17-00571 HG-WRP, 2022 WL 1207322, at *4 (D. Haw. Apr. 7, 2022), *adopted as modified*, No. CV 17-00571 HG-WRP, 2022 WL 1204931 (D. Haw. Apr. 22, 2022) (reducing the requested rate for paralegal work from $125 per hour to $100 per hour where the requesting party "fail[ed] to identify the respective experience of each paralegal, and instead request[ed] a blanket rate"); MFY Funding LLC v. Ohia Opportunities, LLC, No. CV 21-00261 DKW-KJM, 2023 WL 8678623, at *7 (D. Haw. Oct. 25, 2023), *adopted by*, 2024 WL 327002 (D. Haw. Jan. 29, 2024) (reducing hourly rate for paralegals from $190 and $230 to $120 per hour because the requesting party did not "substantiate its request" and did not provide "any information about the paralegals' experience or reasons why this Court should award these higher rates"); WIHC LLC v. NextGen Lab'ys, Inc., No. CV 22-00305 DKW-RT, 2023 WL 5004409, at *5 (D. Haw. May 31, 2023), *adopted by*, 2023 WL 4364101 (D. Haw. July 6, 2023) (reducing hourly rate for paralegal work from $175 to $77 per hour because the requesting party did not provide information to support the requested rate).

### a.  Reasonable Hours Expended

The fee applicant has the burden of documenting the hours expended must submit evidence in support of those hours worked.  See Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  The opposing party then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness

of the hours charged or the facts asserted by the fee applicant in its affidavits.  Id. at 1397-98.  The Court must determine whether the requested fees are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  Courts must guard against awarding fees and costs which are excessive and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Grp. v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1992) (quoting Hensley, 461 U.S. at 433-34).

The Court has reviewed the time entries provided and finds that certain deductions are appropriate.

First, the Court held that Plaintiff was entitled to an award for a portion of the reasonable expenses for the motion as allowed under Rule 37(a)(5)(C).  See Discovery Order, ECF No. 52, at 13-14.  In her request, Plaintiff asks for fees related to drafting the underlying discovery.  These fees would have been incurred regardless of the motion to compel and are not related to the motion. The time entries associated with drafting the underlying discovery are as follows:

7

| DATE | TIMEKEEPER | TIME | TIME ENTRY |
|------|-----------|------|-----------|
| 3/5/24 | RLH | 1.0 | Draft RFA (1) |
| 3/5/24 | BFS | 0.7 | EF R Holcomb re: 1st RFAs (.1); Review 1st RFAs (.6) |
| 3/6/24 | BFS | 0.1 | ET R Holcomb re: 1st RFAs revisions (.1) |
| 3/6/24 | RLH | 2.1 | Con't Draft RFA (2); Msg./Email BFS re RFA language (.1) |
| 3/7/24 | DME | 0.2 | Review, respond and process email to R. Holcomb regarding Defendant's deadline to respond to First Request for Admissions and calendar same. |
| 3/7/24 | RLH | 1.0 | Finalize RFA's (1) |
| 3/7/24 | RLH | 0.4P | Draft/File COS (.3P); Email Counsel (.1P) |
| 4/1/24 | DME | 0.1 | Review, respond and process email to R. Holcomb regarding extension granted to Defendant to respond to Request for Admissions and calendar new deadline regarding same. |
| 4/1/24 | BFS | 0.2 | EF S Wall re: requested 2 wk extension to answer RFAs (.1); EF R Holcomb re: extension to answer RFAs (.1) |

Accordingly, the Court deducts 4.1 hours of Mr. Holcomb's time, 0.4 hours of Mr. Holcomb's time that was billed at a paralegal rate, 1.0 hour of Mr. Sherman's time, and 0.3 hours of Ms. Ernce's time associated with drafting the discovery at issue.

Second, in her request Plaintiff asks the Court to award fees related to the deposition of Kapono Kiakona. Although Plaintiff argued in the motion to

8

compel that the requests for admissions should be deemed admitted based on the deposition of Kapono Kiakona, <u>see</u> Pl.'s Mtn., ECF No. 38-1 at 6-7, the Court denied Plaintiff's request to deem the RFAs admitted and did not reference or mention the deposition of Kapono Kiakona in determining that amended responses were necessary, <u>see</u> Discovery Order, ECF No. 52.  The Court finds that the fees and costs related to the deposition of Kapono Kiakona were not incurred in making the motion to compel and are not allowed under Rule 37(a)(5)(C).  The time entries associated with the deposition of Kapono Kiakona are as follows:

| DATE | TIMEKEEPER | TIME | TIME ENTRY |
|---|---|---|---|
| 5/22/24 | RLH | 0.4 | Exchange emails w/ defense re o/s items (.2); review /provide Brief and Kiakona Depo (.2) |
| 7/15/24 | TMR | 3.3 | Prepare for Deposition of Kapono Kiakona |
| 7/15/24 | BFS | 0.1 | EF R Holcomb re: RFAs as depo exhibit |
| 7/15/24 | RLH | 2.1 | Draft bulletpoints for TR Kiakona depo tomorrow (including FDCPA Debt Collector/Consumer/ Comm'n; s) (1.7) and add exhibits (.4) |
| 7/16/24 | TMR | 6.4 | Prepare for and attend deposition of Kapono Kiakona, meet and confer with opposing counsel re instruction not to answer during same and other discovery issues, meet with co-counsel re same and other case status and strategy in light of depositions, draft email confirming meet and confer to opposing counsel |

| 7/16/24 | BFS | 0.6 | Kiakona depo (.6)-only partial charge for RFAs & meet |
| 7/16/24 | RLH | 1.8 | Kiakona Depo 3.1(NC); Meet and confer w/ Wall re Admissions and instructions not to testify (.3); Discuss w/TR and BFS strategy re o/s discovery and sanctions (1.5) |
| 7/17/24 | RLH | 1.1 | Discuss Prep M&C w/ BFS (.1); M&C with Hofteizer and WallDiscuss admissions and instruction not to testify (1.0) |
| 7/18/24 | MKM | 0.4 | Email from R. Holcomb re expedited deposition transcript of K. Kiakona; email to and from A. Rosenberg re the same |
| 7/26/24 | BFS | 2.9 | Read Kiakona expedited depo (2.0); Designate portions of Kiakona depo for use as exhibit (.9) |

Accordingly, the Court deducts 5.4 hours of Mr. Holcomb's time, 3.6 hours of Mr. Sherman's time, 9.7 hours of Mr. Revere's time, and 0.4 hours Ms. Mitchell's time associated with the deposition. Additionally, the Court deducts the costs of $1,441.20 related to the deposition transcript.

Third, Ms. Ernce billed 0.1 hours on June 3, 2024, for reviewing discovery that is not related to the motion to compel. See Ex. 1, Decl. of T. Revere, ECF No. 56-1, at 11 (billing 0.1 hours for "Review Defendant's First Request for Admissions, Answers to Interrogatories and Production of Documents, related Certificates of Service and schedule deadline to answer). The Court deducts this unrelated time.

Fourth, the Court finds that the fees requested for drafting the motion to compel are excessive.  In total, Plaintiff's counsel requests 33.5 hours related to drafting and filing the motion to compel, which included a memorandum of law that was fourteen pages long with significant block quotes from the discovery responses at issue and applicable case law.  <u>See</u> Pl.'s Mot., ECF No. 38-1, at 6-7, 10-17.  The legal issue presented, i.e., the insufficiency of Defendants' objections and responses to the RFAs, was straightforward.  The Court deducts 7.0 hours of the 16.5 hours billed by Mr. Sherman and 3.0 hours of the 10.9 hours billed by Ms. Mitchell related to drafting the motion to compel.  <u>See</u> Ex. 1, Decl. of T. Revere, ECF No. 56-1; Ex. 2, Decl. of B. Sherman, ECF No. 56-2.  The Court also finds that the hours requested for preparing the reasonable expenses request are excessive.  In total, Plaintiff's counsel requests 6.4 hours for preparing the fees request.  <u>See</u> Ex. 1, Decl. of T. Revere, ECF No. 56-1; Ex. 2, Decl. of B. Sherman, ECF No. 56-2; Decl. of R. Holcomb, ECF No. 57-1.   Although Plaintiff's counsel's choice to involve three attorneys and three paralegals in the drafting of the motion to compel creates complexity in putting together fee requests, that staffing choice should not result in greater discovery sanctions against Defendant. The Court deducts 3.0 hours of the 4.8 hours billed by Mr. Holcomb related to preparing the fee request.

Fifth, multiple attorneys/paralegals generally cannot bill for attending

11

the same meeting.  See Robinson v. Plourde, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010).  Accordingly, "when a party's counsel meet with one other, the Court deducts the duplicative time billed." Id.  Both Ms. Mitchell and Mr. Sherman billed for a telephone call with each other on July 30, 2024.  See Ex. 1, Decl. of T. Revere, ECF No. 56-1, at 12; Ex. 2, Decl. of B. Sherman, ECF No. 56-2, at 9.  The Court deducts 0.6 hours of Ms. Mitchell's time for this duplicative billing.  Both Ms. Mitchell and Mr. Sherman billed for telephone calls with each other on July 31, 2024.  See Ex. 1, Decl. of T. Revere, ECF No. 56-1, at 13; Ex. 2, Decl. of B. Sherman, ECF No. 56-2, at 9.   The Court deducts 0.6 hours of Ms. Mitchell's time for this duplicative billing.  Both Ms. Mitchell and Mr. Holcomb billed for an email between them on July 26, 2024.  See Ex. 1, Decl. of T. Revere, ECF No. 56-1, at 11; Decl. of R. Holcomb, ECF No. 57-1, at 12.  The Court deducts 0.1 hour of Ms. Mitchell's time for this duplicative billing.  Both Ms. Mitchell and Ms. Ernce billed for an email between them on July 31, 2024.  See Ex. 1, Decl. of T. Revere, ECF No. 56-1, at 12-13.  The Court deducts 0.1 hour of Ms. Mitchell's time for this duplicative billing.

Finally, as noted above, the Court determined that Plaintiff was entitled to an award of a portion of the reasonable expenses incurred in making the motion to compel.  See ECF No. 52 at 13-14 (citing Fed. R. Civ. P. 37(b)(2)(C)).  The Court explained that it would only award a portion of the reasonable expenses

incurred because the Court has denied in part Plaintiff's requested relief.  See id. at

14.  Specifically, the Court did not grant Plaintiff's primary request, which was to

deem the RFAs admitted.  See Pl.'s Mot. to Compel, ECF No. 38-1, at 17 (asking

the Court to deem the RFAs admitted and stating that ordering amended responses

"is not the best solution"); Reply, ECF No. at 42, at 10.  Because of the limited

relief granted in the Discovery Order, the Court reduces the fee awarded by one-

third.

     The Court has carefully reviewed the remaining time entries

submitted by Plaintiff's counsel and finds that the remaining hours requested are

reasonable.

### b.  Total Calculation

     Based on the foregoing, the Court finds that Plaintiff has established

the appropriateness of an award of reasonable expenses to include the following

attorneys' fees related to Plaintiff's Motion to Compel Discovery and for

Sanctions:

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Richard L. Holcomb, Esq. | 15.9[2] | $350 | $5,565.00 |

[2] 28.4 hours requested - 4.1 hours for work on the underlying discovery - 5.4 hours for the Kiakona deposition - 3.0 hours for excessive billing for fee request = 15.9 hours; 0.4 hours requested at paralegal rate - 0.4 hours deducted for drafting the discovery at issue = 0 hours at paralegal rate.

| | | | |
|---|---|---|---|
| Terrence M. Revere, Esq. | 2.9[3] | $450 | $1,305.00 |
| Bruce F. Sherman, Esq. | 16.9[4] | $450 | $7,605.00 |
| Taylor Cervantes (paralegal) | 1.8 | $100 | $180.00 |
| Darci M. Ernce (paralegal) | 2.0[5] | $100 | $200.00 |
| Mea K. Mitchell (paralegal) | 6.7[6] | $100 | $670.00 |
| *Subtotal of Reasonable Fees* | | | *$15,525.00* |
| *1/3 Reduction of Fees for Limited Success* | | | *($5,175.00)* |
| *Subtotal of Fees to be Awarded* | | | *$10,350.00* |
| *General Excise Tax* | | *4.712%* | *$487.69* |
| TOTAL EXPENSES AWARDED | | | $10,837.69 |

<u>CONCLUSION</u>

Based on the Court's Order Granting in Part and Denying in Part

Plaintiff's Motion to Compel Discovery and for Sanctions, no later than

**November 25, 2024,** Defendant shall pay $10,837.69 to Plaintiff as the reasonable

---

[3] 9.7 hours requested at $550 per hour - 9.7 hours for time related to the Kiakona deposition = 0 hours at $550 per hour.

[4] 28.5 hours requested - 1.0 hour for work on the underlying discovery - 3.6 hours for the Kiakona deposition - 7 hours for excessive billing for the motion to compel = 16.9 hours.

[5] 2.4 hours requested - 0.3 for work on the underlying discovery - 0.1 hours for unrelated discovery = 2.0 hours.

[6] 11.5 hours requested - 0.4 for the Kiakona deposition - 3.0 for excessive billing for the motion to compel - 1.4 hours for duplicative billing = 6.7 hours.

expenses incurred in making her Motion to Compel and for Sanctions.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, OCTOBER 22, 2024.



_____

Wes Reber Porter
United States Magistrate Judge

**NOLAN v. PORTER MCGUIRE KAIKONA, LLP; CIVIL NO. 23-00271 SASP-WRP; ORDER AS TO AWARD OF REASONABLE EXPENSES TO PLAINTIFF RELATED TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**